STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-09

PAUL A. BROOKES
                    Appellant

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUL 08 2004

RECEIVED

        v.

DESIGN DWELLINGS, INC.
                    Appellee

ORDER ON PLAINTIFF'S
RULE 76D APPEAL

Before the court is the plaintiff's appeal from the District Court's February 5, 2004 Judgment pursuant to M.R. Civ. P. 76D.

AUG 10 2004

**FACTUAL BACKGROUND**

Design Dwellings, Inc. (DDI) is a Maine corporation engaged in the business of constructing and selling new homes to the general public. On November 7, 1999, the appellant contracted with DDI to purchase a new "spec house" constructed by DDI. After the appellant purchased his home, he sued DDI in Small Claims Court to recover the sum of $3000,00 for costs allegedly incurred to replace the rear or back half of the roof of his house.

At the District Court proceeding, the court determined that

> the plaintiff has proven that it is likely that the def[endant] builder/seller did not construct the ridge vent and the bathroom vent correctly, likely contributing to ice problem. There is no proof that the roof needed replacement, in whole or in part. The approximate amount of proven damages from def[endant's] breach of contract is $100.00. Ice problems in winter do not necessarily signify a wholesale roof problem. Judgment is $100.00, plus costs of $81.00, totaling $181.00.

Brookes v. Design Dwellings, Inc. PORDC-SC-03-00924, Notice of Judgment (Me. Dist. Ct., Cum. Cty., Feb. 5, 2004) (Powers, J.).

## DISCUSSION

Appeals taken from the District Court under Rule 76D are reviewed for errors of law. M. R. Civ. P. 76D. The District Court's findings of fact shall not be set aside unless clearly erroneous. Id. "A court's finding is clearly erroneous only if there is no competent evidence in the record to support it." Wrenn v. Lewis, 2003 ME 29, ¶ 13, 818 A.2d 1005, 1009 (citation and internal quotation omitted).

In the case at bar, because the hearing was not recorded, the appellant was required to serve a statement in lieu of a transcript to the appellee and then submit the statement to the court for settlement and approval. See M.R. Civ. P. 76F(c).[1] Although the defendant filed an appeal with the court and served it on the appellee, his submission does not satisfy Rule 76F(c). Without a record of the proceedings or a settled and approved statement, the court must assume that there was sufficient evidence to support the District Court's factual findings. See Alley v. Alley, 2002 ME 162, ¶ 2, 809 A.2d 1262, 1262.

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Mr. Brooke's appeal is DENIED;

---

[1] The Rule states:

> In any case in which electronic recording would be routine or has been timely requested under Rule 76H(a) of these rules, if for reasons beyond the control of any party, no recording, or no transcript thereof, was made, or is available, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection, for use instead of a transcript. This statement shall be served on the appellee within 10 days after an appeal is taken to the Superior Court, and the appellee may serve objections or propose amendments thereto within 10 days after service upon the appellee. Thereupon the statement, with the objections or proposed amendment, shall be submitted to the court for settlement and approval and as settled and approved shall be included in the record on appeal filed with the Superior Court.

M.R. Civ. P. 76F(c).

F COURTS
nd County
ox 287
e 04112-0287

PAUL BROOKES
86 BROOKWOOD DRIVE
GORHAM ME 04038

OURTS
County
287
4112-0287

MICHAEL TRAISTER ESQ
PO BOX 9785
PORTLAND ME 04104